NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES L. JOHNSON,                         )
                                          )
        Appellant,                       )
                                          )
v.                                        )          Case No. 2D13-722
                                          )
STATE OF FLORIDA,                         )
                                          )
        Appellee.                        )
_____   )

Opinion filed January 21, 2015.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender, and
Julius J. Aulisio, Assistant Public Defender,
Bartow, for Appellant.

James L. Johnson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

CASANUEVA, Judge.

        We affirm James L. Johnson's judgments and sentences in this Anders[1]

appeal without discussion.  However, this affirmance is without prejudice to Johnson

---

[1]Anders v. California, 386 U.S. 738 (1967).

filing a facially sufficient motion seeking additional jail time credit pursuant to Florida Rule of Criminal Procedure 3.801.

During the pendency of this appeal, Johnson filed a pro se "Petition to Correct Jail Credits," pursuant to Florida Rule of Criminal Procedure 3.800(a).[2] The circuit court properly struck this motion because it was filed during the pendency of an appeal. See Scott v. State, 976 So. 2d 628 (Fla. 2d DCA 2008). The circuit court also noted that Johnson's motion was filed prior to the effective date of rule 3.801, requiring that all jail credit claims be raised pursuant to that new rule.

For sentences imposed prior to July 1, 2013, as in Johnson's case, the time for filing a rule 3.801 motion expired on July 1, 2014. Fla. R. Crim. P. 3.801(b). Because this deadline expired during the pendency of this appeal, we affirm without prejudice to Johnson filing a facially sufficient rule 3.801 motion within thirty days of the issuance of this court's mandate. See Vincent v. State, 149 So. 3d 1151 (Fla. 4th DCA 2014). A motion filed within this time will not be deemed untimely or successive.

Affirmed without prejudice.

WALLACE and SLEET, JJ., Concur.

---

[2]Johnson also raised the issue of additional jail credit time in his pro se Anders brief.